**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHANITA R. GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-00049 RWS |
| ) | |
| JOEL FERRIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Shanita Gray filed this civil rights action on January 13, 2025, against defendants Joel Ferris and Tracy Berry. [ECF No. 1]. Plaintiff failed to draft her complaint on a Court-provided form in contravention of the Court's Local Rules, *see* Local Rule 2.06(A), and she failed to either pay the $405 filing fee or file a motion to proceed in forma pauperis. As such, plaintiff will be given twenty-one (21) days to amend her complaint on a Court-form, and either pay the filing fee or file a motion to proceed in forma pauperis. The Court will provide plaintiff instructions for amending her complaint below.

The Court notes, however, that plaintiff is currently being criminally prosecuted in the District Court in front of the Honorable Matthew T. Schelp. *See United States v. Gray,* No. 4:23-CR-00677 MTS (E.D.Mo.). She has been charged with ten (10) counts of wire fraud, use of a counterfeit access device, and three counts of aggravated identity theft. *Id.* The charges stem from plaintiff's alleged use of a purported false durable financial power of attorney to unlawfully take funds from her uncle's financial accounts for her own personal gain without his permission. It appears that in the instant action, plaintiff is attempting to allege that the Assistant United States Attorney prosecuting her criminal action, Tracy Lynn Berry, as well as the Federal Bureau of Investigation (FBI) Agent

assigned to the case, Joel Ferris, acted in a variety of ways to violate her rights during the prosecution of the criminal matter. [ECF No. 1].

The Court notes that a review of the criminal docket shows that a motion to suppress physical evidence is currently pending in that matter. See *United States v. Gray,* No. 4:23-CR-00677 MTS (E.D.Mo.), Docket No. 61. Additionally, two motions to dismiss filed by plaintiff's criminal attorney are also pending, relating to six (6) counts of the indictment. *See id.*, Docket Nos. 62 and 63. To the extent plaintiff is attempting to have this Court review a criminal matter, she should be aware that this Court must abstain from doing so until the criminal matter is resolved. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (district courts are required to abstain from ruling on false arrest and false imprisonment claims until underlying court cases have been resolved; thus, where a plaintiff files a claim before he or she is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended).

Despite the aforementioned, the Court will instruct plaintiff as to amending her complaint on a Court-provided form should she wish to do so. As currently stated, plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating her rights. When amending her complaint, plaintiff should take care to plead facts that show how each and every defendant she names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

Additionally, all claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a). Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims she wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*.

If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days, or if she fails to file a motion to proceed in forma pauperis in time period, or pay the full filing fee, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Court-provided form.

**IT IS FINALLY ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 17th day of January, 2025.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE