UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANITA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CV-0049 RWS |
| | ) |
| JOEL FERRIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Shanita Gray, for leave to commence this action without payment of the required filing fee. [ECF No. 3]. After review of the financial information included with the motion to proceed in forma pauperis, the Court will grant the motion. *See* 28 U.S.C. § 1915(b). Furthermore, after reviewing the amended complaint,[1] the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

---

[1] After filing her amended complaint plaintiff filed four supplements consisting of an additional one hundred and twelve (112) pages of information. *See* ECF Nos. 5-8. The Court does not accept amendments to a complaint by interlineation and will strike these documents from the record. *See Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background and the Amended Complaint**

Plaintiff Shanita Gray brings this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Assistant United States Attorney, Tracy Lynn Berry, and Federal Bureau of Investigation (FBI) Agent, Joel Ferris. Plaintiff sues defendants in their official capacities only.

A. **Background Facts**

At the outset, the Court notes that plaintiff is currently being criminally prosecuted in the District Court in front of the Honorable Matthew T. Schelp. *See United States v. Gray*, No. 4:23-CR-00677 MTS (E.D.Mo.). In her amended complaint, plaintiff asserts that the United States Attorney prosecuting the criminal action against her, Tracy Berry, as well as the FBI Agent assisting in the prosecution, Joel Ferris, engaged in *Brady*[2] violations by failing to turn over exculpatory evidence.

Plaintiff has been charged with ten (10) counts of wire fraud, use of a counterfeit access device, and three counts of aggravated identity theft. *United States v. Gray,* No. 4:23-CR-00677 MTS (E.D.Mo.).[3] The charges stem from plaintiff's alleged use of a purported false durable financial power of attorney to unlawfully take funds from her uncle's financial accounts for her own personal gain without his permission. *Id.* A review of the criminal docket in *United States v. Gray*, No. 4:23-CR-00677 MTS (E.D.Mo.) shows that a motion to suppress physical evidence is currently pending in that matter. *See* Doc. 61. Additionally, two motions to dismiss filed by plaintiff are also pending, relating to six (6) counts of the indictment, namely Counts 2 and 3 and 12-15. *Id.* at Docs. 62 and 63.

In her motion to suppress physical evidence filed on December 23, 2024, plaintiff asserted as follows:

> Gray has been charged with ten counts of wire fraud, one count of use of a counterfeit access device and four counts of aggravated identity theft. The charges stem from Gray's alleged use of a purported false durable financial power of

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963). Pursuant to the *Brady* rule, prosecutors have a constitutional duty to disclose any evidence that is material and favorable to the defense, regardless of whether the defense requests it.

[3]The indictment contains the following charges: Counts 1-10 Wire Fraud in violation of 18 U.S.C. § 1343; Count 11 Fraudulent Use of a Counterfeit Access Device in violation of 18 U.S.C. § 1029(a)(1); and Counts 12-15 Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

> attorney to unlawfully take funds from her uncle's financial accounts for her own personal gain without his permission.
>
> Gray has had numerous other attorneys representing her in this matter. The government has provided some, but not all of the essential discovery in this matter. The below-signed counsel has reviewed the discovery received from the government thus far and supplied to Counsel by Gray's previous attorneys. Counsel has also reviewed the notes of Gray's former counsel and correspondence between prior counsel and counsel for the government.
>
> There is a tremendous amount of discovery that has been provided to defense counsel(s) but there is an equal amount of discovery that has been not provided and, according to the afore-referenced communication between the Parties, will not be provided to the Defendant by the Government. There have been voluminous amounts of personal financial records of Defendant Gray's that have been disclosed, but there have been no subpoenas, search warrants, affidavits, etc. that have been disclosed showing how these items were obtained. Gray has no idea if they were obtained from her mailbox, her automobile, or a search of her home without her knowledge.
>
> Prior counsel inquired about these items from the government and were told that these items and any police reports detailing their production constituted *Jencks* material and will not be disclosed at this time. It did not appear that this material would even be produced in some sort of redactive form. Therefore, Defendant has no other alternative to request that the financial records and material that have been provided to Defendant be suppressed as they were obtained unlawfully and in violation of Defendant's constitutional rights to be free from unlawful searches and seizures.

*Id.* at Doc. 61.

On February 27, 2025, the Honorable Rodney H. Holmes reviewed plaintiff's pending pretrial motions and recommended that plaintiff's motion to suppress physical evidence be denied as moot. *Id.* at Doc. 72. Judge Holmes found that at the evidentiary hearing held on January 28, 2025, *see* Doc. 68, it was determined that the motion to suppress was "essentially a discovery dispute" which was resolved in open court. Moreover, the government confirmed it had no objection to dismissal of Counts 2 and 3 of the indictment. However, the remaining motion, whether 18 U.S.C. § 1028A was unconstitutionally vague, involved a question of law. Accordingly, it could be resolved on the record.

In his Report and Recommendation, Judge Holmes stated:

- 4 -

> Ms. Gray is charged in Counts 12-15 of the Indictment with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. (ECF No. 1). Section B of the Indictment, Scheme to Defraud, alleges that Ms. Gray utilized D.H's personal identifying information and fraudulently obtained durable financial power of attorney to access D.H.'s accounts for her personal benefit. Ms. Gray travelled from Lawrenceville, Georgia to D.H.'s home in Missouri to locate D.H.'s personal identifying information, identify his financial accounts, take possession of his debit and credit cards, obtain exemplars of D.H.'s handwriting, and obtain the personal identifying information of his mother. Ms. Gray used D.H.'s name, social security number, date of birth, and account numbers to obtain online access to D.H.'s financial accounts and to add herself as a beneficiary to his financial accounts. Ms. Gray electronically changed D.H.'s contact information for his financial accounts to her home address, a commercial mailbox address, Ms. Gray's cellphone number and email address. Ms. Gray used D.H.'s name to submit an online change of address form to the United States Postal Service to redirect D.H.'s mail from his home address in Missouri to Ms. Gray's home in Georgia. Ms. Gray added D.H.'s name as the Chief Financial Officer of her business when she filed annual registration reports with the State of Georgia. Ms. Gray emailed U.S. Bank with instructions to associate her business checking accounts with D.H.'s financial accounts. Ms. Gray obtained more than $300,00.00 in cash by selling shares from D. H.'s investment accounts, transferring funds from his bank accounts to accounts she controlled, drawing checks for her benefit from D.H.'s bank accounts, conducting electronic transfers to pay her bills, and redirecting D.H.'s pension and retirement checks to her personal and business bank accounts. Ms. Gray opened credit accounts with D.H.'s name, social security number, and date of birth.
>
> . . . .
>
> A person of ordinary intelligence can readily understand that the Indictment alleges that Ms. Gray fraudulently possessed and used the victim's means of identification to fraudulently obtain cash, open accounts, access bank accounts, and retirement and pension funds among other things for her benefit. Ms. Gray has fair notice of the prohibited conduct. Ms. Gray's motion challenging 18 U.S.C. § 1028A as unconstitutionally vague fails and should be denied.

*Id.* at Doc. 72.

Plaintiff filed objections to the Report and Recommendation on March 12, 2025. Doc. 75. In plaintiff's objections to the Report and Recommendations, plaintiff asserted that she was not waiving her motion to suppress. Rather, she was insisting that she was unable to determine if the physical evidence obtained was in violation of the Fourth Amendment. She sought a ruling from

the Court as to whether discovery should be released by the government and a determination made that documents gathered against her did not constitute *Jencks*[4] material. *Id.*

After consideration of the objections, Judge Holmes filed an Amended Report and Recommendation on May 1, 2025. *Id.* at Doc. 84. Regarding the motion to suppress, Judge Holmes stated as follows:

> The parties appeared for an evidentiary hearing on January 28, 2025. (citation omitted). Ms. Gray argued that the defense was unable to determine "if they [financial records] were obtained from her mailbox, her automobile, or a search of her home without her knowledge." (citation omitted). At the evidentiary hearing the Government proffered that all the search warrants in this case were disclosed to Ms. Gray. The Government argued that the actual grand jury subpoenas constituted *Jencks* material and would be disclosed the Friday before trial. The Government further stated that it would inform Ms. Gray which financial documents were obtained via grand jury subpoena if Ms. Gray had a question about how the Government obtained a particular document.
> . . . .
> The issue of suppression relates to financial documents obtained by the Government via search warrants and grand jury subpoenas. Ms. Gray has not raised any challenges to the search warrants disclosed by the Government in this case. The parties appear to agree that all financial records have been disclosed through the discovery process. The Court thus understands the issue to be the immediate disclosure of grand jury materials, specifically grand jury subpoenas served upon financial institutions. Ms. Gray, through counsel, requested that the Court rule on the Motion to Suppress Physical Evidence. Both parties declined the offer for additional briefing, argument, or time to investigate.
> . . . .
> Rule 6(e) of the Federal Rules of Criminal Procedure controls the disclosure of grand jury materials. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). It is well established that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Documents such as business records are created for purposes independent of grand jury investigation and have many legitimate purposes independent of the grand jury. *In re Grand Jury Proceedings Relative to Perl,* 838 F.2d 304, 306-07 (8th Cir. 1988). However, while documents such as business records are less likely to impinge upon the policy underlying grand jury secrecy, "the disclosure of these documents reveals at the very least, the direction of the grand jury's investigation and the names of persons involved, and

---

[4]The Jencks Act, codified at 18 U.S.C. § 3500, enacted in response to the Supreme Court case *Jencks v. United States*, 353 U.S. 657 (1957), requires the government to disclose, upon request by the defendant, any prior statements of its witnesses that are related to the subject matter of their testimony after the witness has testified on direct examination. This rule helps defendants impeach the credibility of government witnesses during cross-examination.

> thus falls within Rule 6(e)(2)". *Id.* at 307 (internal quotation marks and citation omitted). Therefore, disclosure of independently generated documents, such as business records, may require a showing of particularized need. *Id.*
>
> "The requisite showing of particularized need varies with the circumstances of each case." *In re Grand Jury Proceedings Relative to Perl,* 838 F.2d at 306. To establish a particularized need, the defendant must show the disclosure is: "(1) required to avoid possible injustice in a different judicial proceeding, (2) greater than the need for continued secrecy, and (3) specifically directed at the material required." *United States v. McDougal,* 559 F.3d 837, 841 (8th Cir. 2009) (citations omitted). This Circuit has consistently held that "'a bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement.'" *Boyles,* 37 F.3d at 1318 (quoting *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994)). Further, "the exclusionary rule for evidence obtained through unlawful search and seizure is not applicable to grand jury proceedings." *United States v. Levine*, 700 F.2d 1176, 1179 (8th Cir. 1983) (citations omitted).
>
> Here, Ms. Gray's arguments to suppress evidence lack the required specificity to raise a Fourth Amendment challenge. She has not made any arguments challenging the search warrants produced by the Government. Further, Ms. Gray has not made the requisite showing required by the three-step test set forth in *McDougal* to allow the Court to order the disclosure of grand jury materials utilized in this case.
>
> The Government has indicated that it considers the grand jury subpoenas issued in this case to be *Jencks* material that will be disclosed the Friday before trial, which is the customary practice for the disclosure of *Jencks* material in this district. At the January 28, 2025, evidentiary hearing, the Assistant United States Attorney communicated to the defense that she would disclose whether a particular financial record was obtained via grand jury subpoena, if the defense questioned how the record was obtained. As of the April 10, 2025 status conference, defense counsel had not identified any such record with specificity. The defense therefore has not met the required showing, and so the undersigned recommends that Ms. Gray's Motion to Suppress Physical Evidence be denied.

*Id.* at Doc. 84. Considering the aforementioned, Judge Holmes recommended denial of plaintiff's motion to suppress physical evidence on May 1, 2025. He additionally recommended that plaintiff's motion to dismiss count two and three of the indictment be granted. Last, Judge Holmes recommended that plaintiff's motion to dismiss counts twelve through fifteen of the indictment be denied. *Id.* Plaintiff's objections to the Report and Recommendation are due to the Court no later than May 15, 2025.

On April 21, 2025, a bond violator's warrant was issued for plaintiff, and she was arrested on May 8, 2025. *See* Doc. 82. On May 8, 2025, Magistrate Judge John K. Larkins, III, from the Northern District of Georgia denied the government's motion to detain plaintiff pending her revocation hearing. *See* Doc. 88. A revocation hearing is set for May 16, 2025, at 10:00 a.m. Doc. 86.

### B. Facts in the Amended Complaint

In the amended complaint, plaintiff asserts that Assistant U.S. Attorney Tracy Berry and FBI Agent Joel Ferris "failed to disclose exculpatory and highly impeachable evidence." [ECF No. 4, p. 5].

Although these claims do not appear to fall within alleged *Brady* violations she broadly complains of at the outset of her amended complaint, she asserts specifically in her pleading that defendants have: (1) hacked into her cell phone without a subpoena; (2) disabled her ability to make video phone calls; (3) created fake phone calls from family and friends; (4) created a fake social media account for her now deceased mother; (5) accessed her mother's social security information and bank account information with a subpoena; (6) solicited nursing home administrators to lie to gain access to her mother's bank account information; (7) contributed to her mother's death; (8) contributed to her stroke; (8) contributed to her daughter's seizures; (9) illegally accessed her daughter's medical and academic records; (10) contacted her accountant without a subpoena; (11) cloned her computer; (12) hacked her automobile, cable, internet and social media accounts; (13) hacked her husband's and daughter's "devices"; and (14) hacked family group text messages. *Id.* at pp. 5-9.

Plaintiff seeks twenty million dollars in this action against defendants.

**Discussion**

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Official Capacity Claims Against Defendants

First, as to plaintiff's official capacity claims against defendants Tracy Berry and Joel Ferris, these claims must be dismissed because such claims are barred by the doctrine of sovereign immunity.

The amended complaint does not present a cause of action that the Supreme Court has previously recognized under *Bivens,* and expanding *Bivens* is "now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017) (quoting *Iqbal,* 556 U.S. at 675). Congress, not this Court, is best suited to authorize a damages remedy for the claims plaintiff asserts. *See Egbert v. Boule*, 596 U.S. 482, 496 (2022). Even if this case was the type for which a *Bivens* remedy was available, it would be dismissed.

An official capacity *Bivens* suit is treated as asserted against the United States, and a *Bivens* action cannot be prosecuted against the United States due to sovereign immunity. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). *See also Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny does not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials").

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020) (internal quotations omitted). Additionally, sovereign immunity also "bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). Plaintiff has not shown any waiver of sovereign immunity, and

therefore the Court will dismiss these claims. Moreover, even if plaintiff had alleged individual capacity claims against defendants, her claims would be subject to dismissal.

### B. Individual Capacity Claims Under *Bivens*

To the extent plaintiff is pursuing an individual capacity claim against prosecutor Berry for purportedly failing to turn over exculpatory evidence in violation of the *Brady* rule, her claims are subject to dismissal. Plaintiff seeks damages from Berry for wrongs she allegedly committed while initiating and pursuing a criminal prosecution, and otherwise acting as an advocate for the government during those proceedings. However, absolute immunity protects her from such claims. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). *Brady* violations fall within the scope of prosecutorial immunity. *See Imbler*, 424 U.S. at 431 n.34. Plaintiff's allegations that Berry acted maliciously or with an otherwise improper motive do not save her claims. *See id.* at 427-28 (there is no fraud exception to prosecutorial immunity); *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (A prosecutor is immune from suit even if she knowingly presents false, misleading, or perjured testimony, or withholds or suppresses exculpatory evidence). Accordingly, the Court concludes Berry is immune from plaintiff's *Bivens* claims.

As for plaintiff's claims against Ferris, an FBI agent involved in the criminal case against her, plaintiff's allegations are wholly conclusory and do not contain specific assertions relating to a failure to turn over exculpatory evidence as the Court has noted above. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and

"[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"). Rather, plaintiff's allegations against defendant Ferris, as denoted in this action appear fanciful, fantastic and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Given the wholly conclusory nature of her allegations against Ferris, as well as the fanciful nature of the assertions, the Court will dismiss plaintiff's claims against Ferris as frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's supplements to her amended complaint [ECF Nos. 5-8] are **STRICKEN** from the docket as improper attempts to amend her complaint by interlineation.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of May, 2025.

_[signature]_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE
